**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Valley Forge Insurance Company, as Subrogee of Centergy One Associates LLC | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| WATTS Regulator Co. d/b/a WATTS Corporation, Brasfield & Gorrie, LLC and Covenant Mechanical Contractors, Inc., Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant Watts Regulator Co. ("Watts") hereby removes this action from the State Court of Fulton County, State of Georgia, pursuant to §§ 1332, 1441 and 1446 of Title 28 of the United States Code ("U.S.C."), and in support thereof state as follows:

### STATE COURT PROCEEDINGS

1. This is a property damage subrogation action instituted by Plaintiff Valley Forge Insurance Company ("Plaintiff"), as Subrogee of Centergy One Associates LLC, ("Centergy One ") in the State Court of Fulton County, Georgia against Watts, Brasfield & Gorrie, LLC ("B&G"), and Covenant Mechanical Contractors,

Inc. ("Covenant") (collectively, "Defendants") for damages allegedly incurred as result of water damage to a building owned by Centergy One Associates.

2. On July 15, 2011, Plaintiff electronically filed its original Complaint against Watts. That action was captioned *Valley Forge Insurance Company, as Subrogee of Centergy One Associates LLC v. WATTS Regulator Co. d/b/a WATTS Corporation, et al.*, Civ. Action No. 11EV013015-D. A true and correct copy of that Complaint is attached as Exhibit "A."

3. Later that same day, July 15, 2011, Plaintiff filed its Amended Complaint. A true and correct copy of that Amended Complaint is attached as Exhibit "B."

4. Despite filing its initial pleadings on July 15, 2011, Plaintiff failed to serve the Amended Complaint on Watts until December 11, 2012. A true and correct copy of that return of service is attached as Exhibit "C."

5. On April 22, 2013, in the face of a Motion for Summary Judgment filed by Watts for Plaintiff's failure to effect service before expiration of the statute of limitations, Plaintiff voluntarily dismissed the action without prejudice. A true and correct copy of that dismissal is attached as Exhibit "D." A true and correct copy of Watts' summary judgment motion and attendant documents is attached as Exhibit "E."

6. On September 25, 2013 Plaintiff renewed its action by filing a new Complaint in the Court of Fulton County, Georgia against Watts, B&G, and Covenant. This case is captioned *Valley Forge Insurance Company, as Subrogee of Centergy One Associates LLC v. WATTS Regulator Co. d/b/a WATTS Corporation, et al.*, Civ. Action No. 13EV018263-D. A true and correct copy of that Complaint is attached as Exhibit "F."

7. Plaintiff served the renewed Complaint on Watts on October 10, 2013. A true and correct copy of the Service of Process Notice is attached as Exhibit "G."

DIVERSITY OF CITIZENSHIP

8. This action is removable to this Court under 28 U.S.C. §§ 1332(a)(1), 1441(a), (b) and 1446 because it involves a dispute between citizens of different States, none of the Defendants properly joined and served are citizens of Georgia, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9. Upon information and belief, Plaintiff is incorporated in the State of Pennsylvania and maintains its principal place of business in Illinois. (*See* Georgia Secretary of State Corporate Search Information, attached as Exhibit "H.") Hence, Plaintiff is a citizen of both Pennsylvania and Illinois under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(c)(1).

10. None of the Defendants in this matter are citizens of Pennsylvania or Illinois.

11. Watts is a corporation organized under the laws of the State of Delaware. Its principal place of business is located in North Andover, Massachusetts. As such, it is a citizen of both Delaware and Massachusetts. *See* 28 U.S.C. § 1332(c)(1).

12. Upon information and belief, B&G is a corporation organized under the laws of the State of Delaware. (B&G Petition for Removal, *Affiliated FM Insurance Company v. Brasfield & Gorrie, LLC*, Case No. 1:12-cv-04134-RLV (N.D. Ga. Nov. 29, 2012), attached as Exhibit "I" (original exhibits omitted).) Its principal place of business is located in Birmingham, Alabama. (*Id.*) As such, it is a citizen of both Delaware and Alabama. *See* 28 U.S.C. § 1332(c)(1).

13. Upon information and belief, Covenant is a corporation organized under the laws of the State of Georgia. (*See* Georgia Secretary of State Corporate Search Information, attached as Exhibit "J.") Its principal place of business is located in Douglasville, Georgia. (*Id.*) As such, it is a citizen of Georgia. *See* 28 U.S.C. § 1332(c)(1).

14. Therefore, because none of the Defendants in this case is a citizen of Pennsylvania or Illinois, and Plaintiff is a citizen of Pennsylvania and Illinois, this dispute is between citizens of different states with complete diversity.

TIMELINESS OF REMOVAL

15. Pursuant 28 U.S.C. § 1446(b)(3), defendants have thirty days to remove a case "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

16. On Wednesday, April 30, 2014, Plaintiff served responses to Watts' First Interrogatories. Plaintiff's Answer to Interrogatory No. 25 concede that "[n]o other parties have been served with the re-filed action." (Pf's Resps. to Watts' First Interrogatories No. 25.) A copy of Plaintiff's Responses to Watts' First Interrogatories is attached as Exhibit "K." Thus, on April 30, 2014. Watts first received an "other paper" sufficient for Watts to remove the case pursuant to 28 U.S.C. § 1446(b)(3).[1] *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213

[1] On Wednesday, April 9, 2014 counsel for Plaintiff informed counsel for Watts on a telephone call that Plaintiff had not and would not serve the Complaint on B&G or Covenant. Oral statements, however, are not enough to trigger the 30-day removal period under 28 U.S.C. § 1446(b)(3). *Smith v. Bally's Holiday*, 843 F. Supp. 1451, 1454-55 (N.D. Ga. 1994) (holding that oral communication between counsel does not satisfy the language of 28 U.S.C. § 1446(b)(3)); *see also Polk v. Sentry Ins.*, 129 F. Supp. 2d 975, 979 (S.D. Miss. 2000) ("the statute clearly prescribes that the time for removal begins to run when the defendant receives the requisite *written* notice of facts, as opposed to oral and implied notifications. . . . The actual knowledge of the defendant prior to the

n.62 (11th Cir. 2007) (noting that interrogatory responses have been held to constitute "other paper" sufficient to trigger 30-day removal period); *Bechtelheimer v. Cont'l Airlines, Inc.*, 755 F. Supp. 2d 1211, 1214 (M.D. Fla. 2010) (holding that notice of removal was timely filed within 30 days of receiving discovery responses that demonstrated that the amount in controversy was met).

17. This Notice of Removal is timely because Watts received no "other paper" from which it could be ascertained that the case is one which is removable until April 30, 2014.

AMOUNT IN CONTROVERSY

18. Plaintiff's Complaint alleges that damages exceed $233,073.56, which exceeds the statutory requirement of $75,000 for diversity jurisdiction. 28 U.S.C. § 1332(a).

---

receipt of the writing is irrelevant to the determination of when a case becomes removable under § 1446(b).") (emphasis in original).

THE FORUM DEFENDANT RULE IS NOT APPLICABLE HERE

19. Plaintiff filed the Complaint on February 25, 2011. As Plaintiff's April 30, 2014 discovery responses state, the only party that has been served with the Complaint is Watts.

20. Where one party has been served, and none of the parties in interest properly joined *and served* as defendants is a citizen of Georgia, the State in which such action is brought, this action is removable. 28 U.S.C.A. § 1441(b) (emphasis added); *see also Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361 (N.D. Ga. 2011) (noting that the "joined and served" barrier applied where at least one out-of-state defendant had been served and forum defendant had not); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009) ("in a completely diverse case such as this one, a non-forum defendant that has not yet been served may remove a state court action to federal court under Section 1441(b) notwithstanding the fact that the plaintiff has already joined—but not yet served—a forum defendant").[2]

---

[2] Additionally, to the extent Plaintiff has abandoned its claims against Covenant and B&G, those parties are fraudulently joined and the case is removable. *See Franz v. Wyeth*, 431 F. Supp. 2d 688, 690 (S.D. Tex. 2004) ("when a Plaintiff, at whatever time and for whatever reason, indicates a desire to completely abandon the claims against all non-diverse defendants, those defendants are fraudulently joined, and the case becomes removable at that moment.")

CO-DEFENDANTS' CONSENT TO REMOVAL

21. Upon information and belief, no parties other than Watts have yet been served with the Complaint. The consent of unserved defendants is not required for removal. *See* 28 U.S.C. § 1448 (granting any defendant upon whom process is served after removal the right to move to remand the case); *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1046 (E.D. Mo. 2005) (holding that in an action properly removed from state court in which any one or more of the defendants has not been served with process, Congress did not intend that a subsequently served defendant be required to affirmatively consent to the prior removal in order for the federal court to retain jurisdiction).

NOTICE

22. 28 U.S.C. § 1446(a) requires that copies of all pleadings, process, and orders served on and by the removing defendant in the state action be attached to the Notice of Removal. Watts attaches as Exhibit "L" all documents available on the docket for the state court action, other than the re-filed Complaint, which is already attached as Exhibit F.

23. In compliance with 28 U.S.C. § 1446(d), a copy of Defendant Watts Regulator Co.'s Notice of Filing Notice of Removal to the United States District

Court for the Northern District of Georgia that will be filed with the State Court of Fulton County, State of Georgia is attached hereto as Exhibit "M."

24. Watts is serving Plaintiff with written notice of the removal of this action.

## VENUE

25. Venue for this removal action is proper pursuant to 28 U.S.C. § 1441 because the Northern District of Georgia, Division of Atlanta is the United States District Court for the district and division embracing the place wherein the state court action was pending. *See* 28 U.S.C. § 90(a)(2).

## CONCLUSION

26. Because complete diversity exists between Plaintiff and the defendants, no properly joined and served defendant is a citizen of the forum, and the amount in controversy exceeds the jurisdictional amount set by 28 U.S.C. § 1332, the prerequisites for removal under 28 U.S.C. § 1441 have been met and this Court is vested with subject-matter jurisdiction over this action.

27. This case is removed subject to and without waiver of any challenges that Watts may have as to personal jurisdiction, proper venue, or any other claims or defenses that may be available to Watts all of which are expressly reserved.

28. Watts respectfully reserves the right to amend or supplement this Notice of Removal as may be appropriate.

WHEREFORE, Defendant Watts Regulator Company respectfully removes this action from the State Court of Fulton County, State of Georgia to this Honorable Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted this 5th day of May, 2014,

/s/ *Lucas A. Westby*
Lucas A. Westby
Georgia Bar No. 594008
lucas.westby@nelsonmullins.com
*Counsel for Watts Regulator Co.*

NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW
Suite 1700
Atlanta, GA 30363
(404) 322-6000
(404) 322-6050 (fax)

**CERTIFICATE OF COMPLIANCE**

Pursuant to the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing ***Notice of Removal*** complies with the font and point selections approved by the Court in Local Rule 5.1C. The foregoing was prepared on computer using Times New Roman font (14 point).

Respectfully submitted this 5th day of May, 2014,

/s/ *Lucas A. Westby*
Lucas A. Westby
Georgia Bar No. 594008
lucas.westby@nelsonmullins.com
*Counsel for Watts Regulator Co.*

NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW
Suite 1700
Atlanta, GA 30363
(404) 322-6000
(404) 322-6050 (fax)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Valley Forge Insurance Company, as Subrogee of Centergy One Associates LLC | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| WATTS Regulator Co. d/b/a WATTS Corporation, Brasfield & Gorrie, LLC and Covenant Mechanical Contractors, Inc., | ) | |
| Defendants. | | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 5th day of May 2014, a true and correct copy of the foregoing ***Notice of Removal*** and all attachments thereto were sent via email and U.S. First Class mail to the following counsel of record:

Kenneth Sisco, Esq.
Law Office of Ian R. Rapaport
5565 Glenridge Connector, Suite 500
Atlanta, GA 30342
*Counsel for Plaintiff*

Respectfully submitted,

/s/ *Lucas A. Westby*

Lucas A. Westby
Georgia Bar No. 594008
lucas.westby@nelsonmullins.com
*Counsel for Watts Regulator Co.*

NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW
Suite 1700
Atlanta, GA 30363
(404) 322-6000
(404) 322-6050 (fax)